UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY MCLEICHY,

    Plaintiff,

v.                                                                                                     Case No. 1:09-CV-857

COMMISSIONER OF SOCIAL                           HON. GORDON J. QUIST
SECURITY,

    Defendant.
_____/

## ORDER REJECTING REPORT AND RECOMMENDATION

The Commissioner has filed Objections to the Magistrate Judge's Report and Recommendation issued on August 4, 2010. Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the Report and Recommendation to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.*

In his report and recommendation, the magistrate judge recommended that the Court reverse and remand the matter to the Commissioner pursuant to 42 U.S.C. § 405(g) to allow Dr. Davidson or another consultative examiner to determine whether Plaintiff meets the mental retardation requirement of Listing 12.05C. The magistrate judge noted that Dr. Davidson stated in his report that "[m]ental retardation cannot be diagnosed due to the lack of records from the developmental period." The magistrate judge stated that Plaintiff's counsel had faxed Plaintiff's high school records to the agency's Fort Wayne Hearing Office nearly three months before the administrative hearing and the ALJ acknowledged receiving them, but did not mention the records in his decision. The magistrate judge thus reasoned that the matter should be remanded to allow Dr. Davidson to consider Plaintiff's academic records.

After conducting a *de novo* review of the report and recommendation and the pertinent portions of the record, the Court concludes that the report and recommendation should be rejected.

In his Objections, the Commissioner contends that remand is unnecessary because substantial evidence supports the ALJ's finding at step three in the sequential analysis that Plaintiff did not have an impairment that met or equaled Listing 12.05C, mental retardation. The Court agrees.

According to the magistrate judge's reasoning, the purpose of a remand would be to allow Dr. Davison to consider whether Plaintiff's academic records for his last two years of high school, which show that Plaintiff failed most or all of his classes, show intellectual deficits during Plaintiff's developmental period – before age 22. As the Commissioner points out, however, Plaintiff's academic record through the ninth grade shows that while his grades were low, they were still passing – at or above a 2.0 grade point. (Administrative Record ("A.R.") 208-215.) Because Plaintiff had some success in those years, his later poor performance might just as well be attributable to the significant number of absences Plaintiff had in the later years or lack of interest or motivation rather than subaverage intellectual functioning. Moreover, nothing in Plaintiff's academic record suggests that he had a special education placement while in school or a diagnosis of mental retardation before age 22.

The evidence in the record also shows that Plaintiff performed several semi-skilled and unskilled jobs that required him to perform various tasks and functions. For example, Plaintiff worked as a forklift driver, which entailed not only driving a forklift but putting orders of various materials together for pickup by the customer. (A.R. 127.) Plaintiff also worked as a parking ticket writer in which he was required to drive around looking for illegally parked vehicles and to write parking tickets. Initially, Plaintiff had to write the tickets by hand, but later he used a hand held computer that would print a ticket after Plaintiff entered the information by hand. Plaintiff

2

instructed a co-worker on how to write tickets. (A.R. 133.) Plaintiff also reported that he was able to perform daily activities of living, such as shopping, paying bills, and bathing. (A.R. 142-144.)

Finally, in November 2006, John Pai, MD, a state mental health specialist, reviewed the medical and other evidence and concluded that Plaintiff "would not pose significant difficulties or substantial problems at work, regarding simple instructions, relationships, making simple decisions and adjusting to some changes in work setting." (A.R. 205.)

Based upon the foregoing evidence, the Court concludes that the ALJ's conclusion that Plaintiff failed to establish subaverage general intellectual functioning with deficits in adaptive functioning before age 22 was supported by substantial evidence. *See Cheatum v. Astrue*, No. 08-3626, 2010 WL 2982819, at *2 (8th Cir. July 30, 2010) (concluding that the ALJ's conclusion that Plaintiff failed to show deficits in adaptive functioning to meet Listing 12.05 was supported by substantial evidence where the record showed that the plaintiff's special classroom placement was not made by a qualified mental health professional, the plaintiff held several semi-skilled and unskilled positions for many years, performed activities of daily living, and a licensed psychologist diagnosed the plaintiff as having borderline intellectual functioning as opposed to mental retardation). Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 4, 2010 (docket no. 11), is **REJECTED**, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

This case is **concluded**.


Dated: September 29, 2010 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE